IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRELL BERNARD BILLINGSLEA, TDCJ No. 1588458, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:24-cv-1140-D-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Texas prisoner Darrell Bernard Billingslea filed a *pro se* Motion for Leave to Proceed in Forma Pauperus [sic] [Dkt. No. 3].

The Court liberally construed this motion as evidence that Billingslea may seek relief under 28 U.S.C. § 2254 and opened a new Section 2254 action, which Senior United States District Judge Sidney A. Fitzwater referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b).

The Court then entered a notice of deficiency to allow Billingslea an opportunity to present his habeas claims on the proper form by June 20, 2024. *See* Dkt. No. 5. And, granting Billingslea's motion, the Court extended that deadline to July 22, 2024. *See* Dkt. Nos. 6 & 7.

Now, Billingslea seeks reconsideration of the Court's order denying his request to extend (to an unspecified date) an unexpired deadline. *See* Dkt. Nos. 8-11. And, in the motion for reconsideration, Billingslea states that he seeks an "extension until the Court of Criminal Appeals reply." Dkt. No. 11 at 1.

His mentioning the Court of Criminal Appeals caused the undersigned to investigate Billingslea's history of habeas challenges to his holding conviction, a 2009 murder conviction in Dallas County, which led to a 50-year sentence. *See State v. Billingslea*, No. F08-50283-K (Crim. Dist. Ct. No. 4, Dallas Cnty., Tex. July 28, 2009).

Billingslea filed a prior Section 2254 habeas application challenging this state criminal judgment, which was denied as barred by the state of limitations. *See Billingslea v. Dir., Tex. Dep't of Criminal Justice, Corr. Inst. Div.*, No. 3:22-cv-999-L-BH, 2022 WL 3021150 (N.D. Tex. June 16, 2022), *rec. accepted*, 2022 WL 3019793 (N.D. Tex. July 29, 2022).

Billingslea then filed a motion under Federal Rule of Civil Procedure 60(b) in that action, which was construed as a successive habeas petition and transferred to the United States Court of Appeals for the Fifth Circuit. *See Billingslea v. Dir., Tex. Dep't of Criminal Justice, Corr. Inst. Div.*, No. 3:22-cv-999-L-BH, 2022 WL 17852656 (N.D. Tex. Dec. 1, 2022), *rec. accepted*, 2022 WL 17853216 (N.D. Tex. Dec. 22, 2022).

And the Fifth Circuit denied Billingslea leave to file a successive petition and warned him "that the filing of frivolous, repetitive, or abusive attempts to challenge his conviction will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction." *In re Billingslea*, No. 23-10538 (5th Cir. July 17, 2023) (per curiam) (citing *Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988)).

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief

from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 590 U.S. 504, 507 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gatekeeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Billingslea previously exercised his "one fair opportunity to seek federal habeas relief from [the 2009 murder] conviction." *Banister*, 590 U.S. at 504. And his failure to first obtain authorization from the court of appeals under 28 U.S.C. § 2244(b)(3) deprives the district court of jurisdiction to consider a habeas application. *See Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court could cure this want of jurisdiction by transferring this application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631. But, considering the record set out above, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

And the opportunity to file objections to this recommendation allows Billingslea an opportunity to show that the habeas claims that he intends to bring now are not successive so that the Court does have jurisdiction over this Section 2254 action. *Cf. St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)).

## Recommendation

The Court should dismiss the *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 9, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE